UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH ALVARADO,

       Plaintiff,         CIVIL ACTION NO. 09-CV-14312

  vs.

                         DISTRICT JUDGE PAUL D. BORMAN

OAKLAND COUNTY,
et al.,                        MAGISTRATE JUDGE MONA K. MAJZOUB
       Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:**  This Court recommends that Plaintiff's Motion To Sanction Defendants For Engaging In Harassing And Otherwise Improper Ex Parte Communications With Plaintiff's Expert Witness (docket no. 16) be DENIED.

**II.**    **REPORT:**

    **A.**    **Facts and Procedural History**

Plaintiff filed this Motion To Sanction on July 2, 2010. (Docket no. 16). Defendants filed a Response brief on July 15, 2010. (Docket no. 21). The matter has been referred to the undersigned for this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 17). The Court dispenses with oral argument pursuant to E. D. Mich. LR 7.1(f). The matter is now ready for ruling.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging injuries and damages as a result of use of excessive force by Defendant Officers during Plaintiff's arrest. (Docket no. 1). Plaintiff also brings claims for assault and battery against one of the officers. Plaintiff brings this

-1-

Motion To Sanction alleging that Defendants made two ex parte contacts with Plaintiff's liability expert.

**B.     Analysis**

Plaintiff bases its motion on 18 U.S.C. § 1512 which provides that

> (b) Whoever knowingly uses intimidation, threatens or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to –
> (1) influence, delay or prevent the testimony of any person in an official proceeding
> . . .
> shall be fined under this title or imprisoned not more than 20 years, or both
> . . .
> (d) Whoever intentionally harasses another person and thereby hinders, delays, prevents, or dissuades any person from –
> (1) attending or testifying in an official proceeding
> . . .
> Or attempts to do so, shall be fined under this title or imprisoned not more than 3 years, or both.

Plaintiff also relies on 42 U.S.C. § 1985 which provides for damages for obstructing justice by intimidating a party, witness or juror.  42 U.S.C. § 1985(2).  The Court has the inherent authority to sanction bad faith conduct in litigation.  *First Bank v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 (6th Cir. 2002).

Plaintiff retained Michael D. Lyman, Ph.D., "to serve as an expert in the field of proper police procedure and liability" on his excessive force claims.  Plaintiff alleges that after Defendants were served with Dr. Lyman's expert report, Defendants attempted to contact Dr. Lyman on two occasions, which Plaintiff describes as "an illegal campaign to make ex parte contact with, and intimidate, Dr. Lyman in connection with his service as a witness in this action."  (Docket no. 16 p.5).  The two contacts are the following.  First, Plaintiff alleges that in June 2010 Detective Jacobson of Defendant Oakland County Sheriff's Department left a voice mail message for Dr.

Lyman in which Detective Jacobson identified himself, allegedly stated that the detective was directed to contact Dr. Lyman by his supervisor and indicated that the Oakland County Sheriff's Department was investigating Dr. Lyman's background and asked Dr. Lyman to contact him. (Docket no. 16 p.5). Plaintiff alleges that the second contact occurred weeks later, on June 28, 2010 when Detective Jacobson contacted Dr. Lyman again "on his mobile phone" (it is unclear whether Plaintiff is identifying Detective Jacobson's or Dr. Lyman's mobile phone). In this second call, Detective Jacobson left a voice mail message in which he identified himself, stated that his supervisor had directed him to call and indicated that Dr. Lyman had been listed as a witness in a case that was pending against Oakland County and that the County's Sheriff Department was investigating Dr. Lyman's background in connection with his service as a witness and asked Dr. Lyman to contact him. (Docket no. 16 p.6). Dr. Lyman contacted Plaintiff's counsel regarding this matter and did not contact Defendants or Detective Jacobson.

    Defendants in their response admit that Detective Jacobson's efforts to contact Plaintiff's expert were inappropriate and "are not condoned in any way by Defendants or its attorneys." (Docket no. 21 p.1). Following receipt of Plaintiff's Motion to Sanction, Defendants' counsel emailed Plaintiff's counsel stating that Defendants' counsel had no idea that this activity had taken place and would have neither authorized nor condoned it, he had spoken with Detective Jacobson telling him to cease and desist further contact, and confirmed the same in an email to the detective and "up the chain of command to the Undersheriff," who would speak to the individuals involved "to make sure they know that this conduct is inappropriate and to ensure it does not occur again." (Docket no. 21-2). Defendants' counsel also confirmed that no contact actually occurred between Detective Jacobson and Dr. Lyman and stated that although he does not condone or sanction the

-3-

detective's conduct, the detective "did not call to discuss the substance of the matter and his efforts amounted to a misguided effort to get more info on Lyman's credentials, nothing more, nothing less." (Docket no. 21-2). Defendants are willing to agree to an order barring further conduct of this kind[1], but argue that they do not believe Plaintiff is entitled to sanctions or the other relief sought by his motion. The Court agrees.

Plaintiff first argues that contacting "Dr. Lyman to discuss any aspect of Plaintiff's claims against Defendants or Dr. Lyman's involvement as Plaintiff's expert would clearly violate the attorney-work product doctrine." Plaintiff cites to case law defining the attorney work product doctrine, but the cases are not on point here, in the context of a party attempting to make ex parte contact with an expert witness. The facts as recited by Plaintiff simply do not suggest that work product was sought or implicated in the conduct at issue.

Plaintiff's classification of Defendants' conduct as an "unabashed crusade of intimidation and harassment" stretches the character of the conduct beyond anything supported by Plaintiff's recitation of the facts. Plaintiff has alleged no evidence, subjective or objective, that supports a finding that Detective Jacobson's attempts to contact Dr. Lyman comport with the conduct set forth in 18 U.S.C. § 1512. There is no allegation that Detective Jacobson, or any of the Defendants through the detective, knowingly used or attempted to use intimidation or threats or corruptly persuaded Dr. Lyman with the intent to influence, delay or prevent his testimony. Plaintiff also points out that in phone messages left for Dr. Lyman, the detective stated that the Oakland County

---

[1] Defendants do not suggest that the Order is necessary, but have stated that they would not oppose the entry of such an order. (Docket no. 21 p. 2; 21-2).

-4-

Sheriff's Department was investigating Dr. Lyman. There is, however, no support for finding that this statement was intended to intimidate, threaten or harass Dr. Lyman.

However misguided Detective Jacobson's attempted contact with Dr. Lyman, there is simply no evidence that it occurred in bad faith or rose to the level of conduct contemplated by 15 U.S.C. § 1512 or 42 U.S.C. § 1985. The Court finds persuasive the circumstances of this matter wherein direct contact with the expert witness was not ultimately made, there is no evidence that the contact was intended to intimidate, harass, threaten or persuade the expert witness, there is no evidence that the attempted contact prejudiced Plaintiff's ability to present his case or otherwise harmed Plaintiff, Defendants' counsel was unaware of the conduct and Defendants' counsel took immediate action with Detective Jacobson, his superior and those involved to make sure that the conduct was not repeated.

### C. Conclusion

The Court should find that the sanctions sought by Plaintiff are not justified under the circumstances of this motion and should deny Plaintiff's Motion To Sanction. (Docket no. 16).

### III. <u>NOTICE TO PARTIES REGARDING OBJECTIONS:</u>

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v.*

*Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: January 24, 2011               s/ Mona K. Majzoub
                                      MONA K. MAJZOUB
                                      UNITED STATES MAGISTRATE JUDGE


### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated:   January 24, 2011             s/ Lisa C. Bartlett
                                      Case Manager