UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH ALVARADO,

        Plaintiff,         CIVIL ACTION NO.  09-14312

 vs.                           DISTRICT JUDGE PAUL D. BORMAN

OAKLAND COUNTY, et al.     MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendant.
        _____/

**ORDER GRANTING DEFENDANTS' MOTION TO DETERMINE A REASONABLE
EXPERT FEE PURSUANT TO FED. R. CIV. P. 26(b)(4)(C) (DOCKET NO. 27)**

This matter comes before the Court on Defendants' Motion To Determine A Reasonable Expert Fee Pursuant To Fed. R. Civ. P. 26(b)(4)(C) filed on August 11, 2010.  (Docket no. 27). Plaintiff filed a Response on August 20, 2010.  (Docket no. 30).  Defendants filed a Reply on August 26, 2010.  (Docket no. 31).  These matters were referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A).  (Docket no. 28).  The Court dispenses with oral argument on these matters pursuant to E.D. Mich. LR 7.1(f)(2).

**1.    Facts and Claims**

Defendants bring this action asking the Court to determine a reasonable expert fee pursuant to Fed. R. Civ. P. 26(b)(4)(C), now Fed. R. Civ. P. 26(b)(4)(E), for Plaintiff's expert witness Michael D. Lyman, Ph.D.  (Docket no. 27).  Rule 26, Fed. R. Civ. P., provides that a party seeking discovery must "pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D)."  Fed. R. Civ. P. 26(b)(4)(E)(i).

Defendants intend to depose Dr. Lyman but argue that Dr. Lyman's flat rate of $2300 per day plus expenses for depositions is unreasonable.  (Docket no. 27-2).  Defendants point out that

Plaintiff is charged at the rate of $200 per hour. Defendants argue that this is Dr. Lyman's "normal and usual hourly rate." (Docket no. 27 ¶ 8). Defendants anticipate that the deposition they seek will last from two to four hours. (Docket no. 27 ¶ 7).

Plaintiff argues that Dr. Lyman's $2300 flat fee for the deposition is reasonable. Plaintiff cites to Dr. Lyman's credentials, education and experience to support the fee, and Plaintiff argues that Dr. Lyman's deposition fee was specifically upheld by the United States District Court for the District of Colorado. *See Schlenker v. City of Arvada*, No. 09-cv–01189 (D. Colo. June 16, 2010); (Docket no. 30, Ex. B). Dr. Lyman's fee provision states that his "fees in this case are at the rate of $200 per hour and an initial retainer of $3000. I charge $2300 per day plus expenses for depositions and any work conducted out of town." (Docket no. 27-2).

Defendants rely on cases from this District for the holding that "[a]n expert's hourly rate for professional services is presumptively a reasonable hourly rate for deposition." *Barrett v. Nextel Communications, Inc.*, 2006 U.S. Dist. LEXIS 10262 * 6 (E.D. Mich. Feb. 16, 2006)(citing *Mathis v. NYNEX*, 165 F.R.D. 23 (E.D.N.Y. 1996)); *see also Craft v. Allstate Ins. Co.*, 2008 U.S. Dist. LEXIS 42393 (E.D. Mich. May 29, 2008); *Another Step Forward v. State Farm Mutual Automobile Ins. Co.*, 2007 U.S. Dist. LEXIS 90826 *22 (E.D. Mich. Dec. 10, 2007). The District of Colorado case cited by Plaintiff is not controlling and the Court follows its own District in this matter.

Plaintiff argues that there is a distinction in the cases cited by Defendants because those cases involve physicians and medical treatment providers whose testimony is both as a fact witness and expert. Furthermore, Plaintiff argues that the underlying *Barrett* case did not address the issue of an expert's flat fee charged for testifying at a deposition. The Court notes the distinction, but the underlying premise is sound and many of the remaining cases cited by Defendants address the issue

of the reasonableness of a flat fee and rely on the presumptive reasonableness of the hourly rate set forth in *Barrett*. *See Stokes v. Xerox Corp.*, 2007 U.S. Dist. LEXIS 52173 (E.D. Mich. July 19, 2007) (court determined reasonable hourly rates rather than adopting expert physician's flat fee for deposition); *Craft v. Allstate Ins. Co.*, 2008 U.S. Dist. LEXIS 42393 (E.D. Mich. May 29, 2008) (court found that an hourly rate was reasonable despite case manager's insistence on a flat fee for deposition).

The Court also finds persuasive those cases which have noted that where the expert is "not like the physician who may have to block out time when he or she could see patients" a flat rate fee can be excessive. *See Massasoit v. Carter*, 227 F.R.D. 264, 267 (M.D.N.C. 2005) (finding exorbitant a flat rate fee of $2,000 for a deposition, "which could amount to over $600 per hour"); *Craft*, 2008 U.S. Dist. LEXIS 42393 *5-6 ("It is believed, however, that many experts charge more for the inconvenience in rearranging schedules and the added intensity involved in giving testimony in court or at a deposition."); *Stokes*, 2007 U.S. Dist. LEXIS 52173 *2 (The doctor submitted an affidavit to support her $3,000 deposition rate by approximating "the revenue she would otherwise generate by treating patients for the time spent preparing for deposition and attending the deposition"; the court determined a reasonable hourly rate instead of the flat fee). There is not showing that Dr. Lyman, an academic and consultant, suffers from the same kind of income loss by attending this deposition in his home state.

As Defendants suggest, at Dr. Lyman's flat fee, he will be reimbursed at the rate of between $1,150- $575 dollars per hour for a two to four hour deposition, respectively. The Court finds that the flat fee of $2300 is not reasonable where it far exceeds the experts non-deposition rate charged to the non-adverse party, where the parties agree to conduct the deposition via video conference and

3

Dr. Lyman will testify at a location approximately 45 minutes from Dr. Lyman's office.  While Dr. Lyman is highly trained, educated and experienced in his field, the issues in Plaintiff's case are not unusually complex.  There is no showing that Dr. Lyman's Ph.D in philosophy is relevant to the issues to which he will testify and there is no showing that the cost of living in Dr. Lyman's home state of Missouri is high enough to necessitate greater compensation.  Furthermore, the fee which Defendants argue is reasonable is actually a fee set by Dr. Lyman as being reasonable in relation to his background and the circumstances of this case.  This Court finds that the reasonable fee of $200 per hour is not inconsistent with those fees determined to be reasonable in other cases for similar testimony, both within and outside of this District.  For these reasons, the Court will rule consistent with cases within this District and others and grant Defendants' Motion.  (Docket no. 27).

**IT IS THEREFORE ORDERED** that Defendants' Motion To Determine A Reasonable Expert Fee Pursuant To Fed. R. Civ. P. 26(b)(4)(C) (docket no. 27) is GRANTED and Dr. Lyman will be compensated at the rate of $200 per hour for his deposition and his travel time to and from the deposition and will be compensated for his mileage to and from the deposition location.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: January 26, 2011            s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: January 26, 2011            s/ Lisa C. Bartlett
                                   Case Manager