UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH ALVARADO,

    Plaintiff,

v.

OAKLAND COUNTY, OAKLAND
COUNTY SHERIFF'S DEPARTMENT
and DEPUTY MICKY SIMKINSON,
in his individual capacity,

    Defendants.

Case Number: 2:09-cv-14312

Paul D. Borman
United States District Court

_____/

ORDER BIFURCATING THE LIABILITY AND DAMAGES PHASES OF TRIAL

The Court hereby Orders that the liability and damages phases of trial in this matter will be bifurcated. The United States Court of Appeals for the Sixth Circuit has summarized the analysis for the bifurcation of a trial under Fed. R. Civ. P. 42(b):

> A court may bifurcate a trial in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy. In determining whether separate trials are appropriate, the court should consider several facts, including the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy.

*Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007) (internal citations and quotation marks omitted); *Saxion v. Titan-C-Mfg., Inc.*, 86 F.3d 553, 556 (6th Cir. 1996) (recognizing the decision to bifurcate a trial is within the discretion of the district court and can be made on its own motion).

This Order does not prevent the introduction of otherwise admissible evidence, during the liability phase of trial, which bears on the nature and extent of Plaintiff's physical injuries allegedly sustained as a result of his claim of excessive force. *See Martin v. Heidman*, 106 F.3d 1308, 1311-12

<mark>

(6th Cir. 1997) (finding an abuse of discretion in trial court's exclusion of evidence, during the liability phase of a bifurcated trial in a § 1983 excessive force case, of the nature and severity of plaintiff's injuries). Challenges to the admissibility of non-medical evidence, however, which relates solely to Plaintiff's claimed economic and non-economic damages, will be addressed by the Court following the conclusion of the liability phase of the trial. Accordingly, argument on the pending motions *in limine* scheduled for hearing on Monday, August 1, 2011, will be limited to evidentiary issues which relate to the liability phase of the trial. Evidentiary issues relating solely to Plaintiff's claimed economic and non-economic damages will be addressed by the Court following a determination by the jury on the issue of liability.

IT IS SO ORDERED.

PAUL D. BORMAN
UNITED STATES DISTRICT COURT

Dated: 7-25-11